Juan Nong GAO, Petitioner,

v.

John ASHCROFT, U.S. Attorney
General, Respondent.

Nos. 01–71687, 02–70533.

INS No. A78–458–750.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2003.*

Decided Feb. 14, 2003.

Before SILVERMAN and GOULD
Circuit Judges, and WEINER District
Judge.**

MEMORANDUM***

Petitioner Juan Nong Gao, a native of
the Republic of China, petitions for review
of two decisions of the Board of Immigra-
tion Appeals (BIA): (1) the decision af-
firming the Immigration Judge's denial of
her application for asylum, withholding of
deportation and protection under the Con-
vention Against Torture, and (2) the denial
of her motion to reopen and/or to reconsid-
er. Because Gao's removal proceedings
commenced after April 1, 1997, we have
jurisdiction pursuant to INA section
242(a)(1), 8 U.S.C. § 1252(a)(1). See Ille-
gal Immigration Reform and Immigration

Responsibility Act of 1996, Pub. L. 104–
208, Div. C, 110 Stat. 3009–546, § 309(a)
(Sept. 30, 1996).

As pointed out by government counsel,
this case must be remanded to the BIA for
two reasons: First, having failed to find
any inconsistency relating to Gao's claim
that she was forced to abort her first
pregnancy, the BIA did not consider
whether Gao had suffered past persecu-
tion. Section 101(a)(4) of the INA states
that "a person who has been forced to
abort a pregnancy or to undergo involun-
tary sterilization, ..., shall be deemed to
have been persecuted on account of politi-
cal opinion."

Second, the BIA relied unduly on the
country conditions report to the exclusion
of specific direct testimony. That testimo-
ny, which was not found to be incredible,
concerned particular circumstances not ad-
dressed in the country conditions report—
e.g., why Gao feared sterilization even
though her region allows two children, and
the effect of two violations of China's fami-
ly planning policy. See, e.g., Chand v.
INS, 222 F.3d 1066, 1076–77 (9th Cir.
2000).

We remand these consolidated cases to
the BIA for reconsideration consistent
with this disposition.[1]

PETITION FOR REVIEW GRANT-
ED; REMANDED

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior
United States District Judge for Eastern Penn-
sylvania, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. We are "not generally empowered to con-
duct a de novo inquiry into the matter being
reviewed and to reach [our] own conclusions
based on such an inquiry. Rather, the proper
course, except in rare circumstances, is to
remand to the agency for additional investiga-
tion or explanation." INS v. Ventura, ——
U.S. ——,123 S.Ct. 353, 355, 154 L.Ed.2d 272
(2002) (internal quotations, citations and em-
phasis omitted).